UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BENHASE HOLDINGS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TANNERS CREEK PROPERTIES, LLC, and ) | |
| UNITED STATES POSTAL SERVICE ) | |
| ) | |
| Defendants ) | |
| ------------------------------------------------------- ) | |
| TANNERS CREEK PROPERTIES, LLC ) | CASE NO. 4:07-cv-0045-DFH-WGH |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LAWYERS TITLE OF CINCINNATI, INC. ) | |
| and LEHNER, HOCKER & LEHNER, P.C., ) | |
| n/k/a WOOD, LAMPING & LEHNER LLP ) | |
| ) | |
| Third Party Defendants ) | |
| ------------------------------------------------------- ) | |
| TANNERS CREEK PROPERTIES, LLC ) | |
| ) | |
| Cross Claimant, ) | |
| v. ) | |
| ) | |
| UNITED STATES POSTAL SERVICE ) | |
| ) | |
| Cross Defendant. ) | |

ENTRY ON MOTION TO DISMISS CROSS-CLAIMS

This action disputes the ownership of a small tract of land (approximately 0.18 acres) in Dearborn County, Indiana. Defendant Tanners Creek Properties, LLC seems to have conveyed the same tract twice, first to the United States Postal Service in 1999, and then in 2006 to plaintiff Benhase Holdings, LLC. When the problem came to light, Benhase filed a complaint against Tanners Creek and the Postal Service. Tanners Creek then alleged four cross-claims against the Postal Service seeking: (1) reformation of the deed as a result of fraud and/or mutual mistake; (2) damages for tortious interference with Tanners Creek's contractual and business relationship with Benhase; (3) damages for fraudulent inducement of Tanners Creek to convey the disputed acreage; and (4) damages for conversion. Tanners Creek also filed third party claims against a title insurance company and a law firm involved in the sale to the Postal Service.

The Postal Service has moved to dismiss Tanners Creek's cross-claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. As explained below, the court grants the motion in part and dismisses the cross-claims for damages for failure to state a claim because all are barred by exceptions to the Federal Tort Claims Act, 28 U.S.C. § 2680. The court denies the motion as applied to the request to reform the original deed to the Postal Service based on mutual mistake. On that cross-claim, the Postal Service is not entitled to sovereign immunity for two separate reasons. First, Congress

has waived the sovereign immunity of the Postal Service for most purposes, and those include actions over property rights. See 39 U.S.C. § 401. Second, the cross-claim appears to be cognizable under the federal Quiet Title Act, 28 U.S.C. § 2409a.

*Factual Allegations*

On April 6, 1999, Craig W.F. Hilsinger and the Postal Service entered into a written contract for Hilsinger to sell approximately 4.5 acres of real property located on U.S. Highway 50 in Lawrenceburg, Indiana to the Postal Service for $550,000. Hilsinger assigned the contract to Tanners Creek, an Indiana limited liability company that he owns. The Postal Service hired Lawyers Title of Cincinnati, Inc. to provide a title report and owner's guarantee for the property. Their contract described the property to be conveyed as 4.734 acres of land, including the 0.18 acres in dispute. Lawyers Title has asserted in its pleadings that the 4.734 acre description was an incorrect legal description. Docket No. 41, ¶¶ 4,11.

On July 29, 1999, Postal Service representative, Jack Stone Jr., delivered to Lawyers Title a legal description referencing 4.554 acres, excluding the 0.18 acres. In his cover memorandum to Lawyers Title, Stone stated: "The original Survey and Legal Description for the property in Lawrenceburg, IN was incorrect. Attached is a copy to the corrected Survey and Legal." Docket No. 41, Ex. D. This

description was also in Lawyers Title's August 4, 1999 commitment for title insurance and its August 25, 1999, policy of title insurance issued to the Postal Service. Docket No. 41, Exs. E and F.

The sale closed on August 12, 1999. The Postal Service paid Tanners Creek $550,000. Tanners Creek executed and delivered a deed conveying the property to the Postal Service. After the closing, Lawyers Title delivered to Lehner, Hocker & Lehner, P.C., a Lawrenceburg, Indiana law firm, the deed from Tanners Creek to the Postal Service and a partial release of the mortgage that the City of Lawrenceburg had on the property. Docket No. 41, Exs. H and I. According to Tanners Creek, both documents contained the 4.554 acres description. On August 25, 1999, the law firm recorded the deed with the 4.734 acres description rather than the 4.554 acres description with the Dearborn County Recorder. Docket No. 41, ¶ 12; Docket No. 41, Ex. J. The mortgage release was recorded immediately thereafter and contained the 4.554 acres description. Docket No. 41, ¶ 13; Docket No. 41, Ex. K.

On June 20, 2006, Tanners Creek contracted to sell the disputed 0.18 acres to Benhase as part of a larger sale of adjacent real estate. For purposes of the motion to dismiss the cross-claim, the court assumes that Tanners Creek believed that it still owned the 0.18 acres in question and that Tanners Creek only later realized that this 0.18 acres had been included in the legal description that was part of the recorded 1999 deed to the Postal Service. This discovery led to

Benhase's original claims against Tanners Creek and the Postal Service, and in turn to Tanners Creek's cross-claims against the Postal Service.

*Discussion*

For purposes of the Postal Service's motion to dismiss, the court accepts as true Tanners Creek's factual allegations to the effect that there was a mutual mistake concerning the description of the land conveyed by Tanners Creek's deed to the Postal Service.

A Rule 13(g) cross-claim by one defendant against another does not require an independent basis of federal jurisdiction. *American Nat'l Bank & Trust Co. v. Bailey*, 750 F.2d 577, 581 (7th Cir. 1984). To fall within the terms of the rule, the cross-claim must either arise "out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim" or must relate to "any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g).

This court has subject matter jurisdiction over the original claims brought by Benhase against Tanners Creek and the Postal Service. See 39 U.S.C. § 409(a) (granting district courts original jurisdiction over actions brought by or against the Postal Service). Tanners Creek's cross-claims relate to the same property that is the subject matter of the original action, satisfying the jurisdictional requirement

of Rule 13(g). The court therefore has subject matter jurisdiction over Tanners Creek's cross-claims.

The Postal Service argues, however, that sovereign immunity protects it from the cross-claims. As part of the Postal Reorganization Act of 1970, Congress enacted a general waiver of sovereign immunity for the Postal Service. 39 U.S.C. § 401 (Postal Service may sue and be sued); see generally *United States Postal Service v. Flamingo Industries (USA) Ltd.*, 540 U.S. 736, 744 (2004) (recognizing broad waiver of sovereign immunity but holding that Postal Service is not subject to Sherman Antitrust Act).

Tanners Creek's cross-claims for damages do not present viable claims for relief, however. The statutory waiver of sovereign immunity was not complete, as shown by the fact that tort claims against the Postal Service are governed by the Federal Tort Claims Act and its exceptions to liability set forth in 28 U.S.C. § 2680. 39 U.S.C. § 409(c) (providing that FTCA applies to tort claims arising out of activities of the Postal Service). Tanners Creek has asserted cross-claims for damages for tortious interference with its contractual and business relationship with Benhase, fraudulent inducement of Tanners Creek to convey the disputed acreage, and conversion. These cross-claims are barred by the FTCA exception for intentional torts set forth in 28 U.S.C. § 2680(h) (referring specifically to claims arising out of misrepresentation, deceit, or interference with contract rights). Moreover, even if a claim for conversion could be asserted under the FTCA, in

Indiana the tort of conversion applies to "the appropriation of personal property of another to the tortfeasor's own use and benefit." *Campbell v. Chappelow*, 95 F.3d 576, 579 (7th Cir. 1996), quoting *Shourek v. Stirling*, 621 N.E.2d 1107, 1109 (Ind. 1993). A claim based on a party's occupation and use of real property (let alone under a deed that on its face admittedly conveyed the property in question) could not support such a claim. Tanners Creek has failed to state a claim for relief in Counts Two, Three, and Four of its cross-claims against the Postal Service.

Tanners Creek's request in Count One to reform the deed it delivered to the Postal Service is not a tort claim and is not subject to the FTCA exceptions. In general, Indiana law recognizes that an error in a deed may be corrected through an action to reform the deed. See *Popejoy v. Miller*, 32 N.E. 713, 715 (Ind. 1892); *Smith v. Kyler*, 74 Ind. 575, 583 (1881); *Pierce v. Vansell*, 74 N.E. 554, 559 (Ind. App. 1905) ("we do not see why it would not only be good reasoning, but good law, to declare that where a deed, which described land to be conveyed by metes and bounds, contains a larger acreage than that which the seller intended to sell and the purchaser intended to purchase, would not still leave in the seller the equitable title to the overplus, while the purchaser would hold the legal title subject to such equitable interest"); accord, *Warbritton v. Demorett*, 27 N.E. 730, 731 (Ind. 1891) (holding that if the deed omits, by a mistake, to describe a portion of the land purchased and intended to be conveyed, the grantee will obtain equitable title to the land omitted by the mistake).

The court sees no reason why the waiver of sovereign immunity for the Postal Service should not extend to a claim to reform a deed. The same statutory section that allows the Postal Service to sue and to be sued also grants the Postal Service the right to acquire real property. 39 U.S.C. § 401(5). Tanner Creek's cross-claim does not present any unusual features that would justify restricting the scope of the waiver in a manner comparable to the Postal Service's exemption from the Sherman Antitrust Act recognized in *Flamingo Industries*. See 540 U.S. at 744-46. Apart from the availability of federal jurisdiction, the Postal Service has essentially the same legal rights and responsibilities as any other party to a real estate transaction in Indiana.

The Postal Service argues, however, that it is protected from any claim for reformation of the deed by the federal Quiet Title Act, 28 U.S.C. § 2409a, which states in relevant part: "The United States may be named as a party defendant in a civil action under this section to adjudicate title to real property in which the United States claims an interest, other than a security interest or water rights."[1] The Act provides the exclusive means to challenge title of the United States to real property. *Block v. North Dakota ex. rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983). In adopting the Act, Congress waived the United States' sovereign immunity to suits challenging the United States' title to land. *Shawnee Trail*

---

[1]Tanners Creek also correctly points out that subject matter jurisdiction would be conferred for claims to quiet title by 28 U.S.C. § 1346(f), which provides: "The district courts shall have exclusive original jurisdiction of civil actions under section 2409(a) to quiet title to an estate or interest in real property in which an interest is claimed by the United States."

*Conservancy v. United States Dep't of Agriculture*, 222 F.3d 383, 388 (7th Cir. 2000). Here, Tanners Creek's claim to quiet title would clearly fall under the Quiet Title Act and therefore this court has subject matter jurisdiction to hear this claim. Still, even if the claim is characterized as a claim for reformation of deed, subject matter jurisdiction would still be cognizable under the Quiet Title Act.

The Postal Service argues that claims for reformation of deed are not cognizable under the Quiet Title Act. However, the Seventh Circuit has held that the Quiet Title Act allows the United States itself to seek reformation of an Indiana deed under the Act. *United States v. Larosa*, 765 F.2d 693, 696 (7th Cir. 1985) (affirming district court's decision to admit parol evidence to show mistake of fact in the deed conveying property to the United States). The statutory language – "a civil action . . . to adjudicate title to real property in which the United States claims an interest" – is broad and appears to be broader than the pure quiet title action under the common law. In light of *Larosa*, it is also difficult to see why the Quiet Title Act should be construed to allow the United States to seek reformation of a deed based on mutual mistake but not to allow the other party to a transaction with the government to seek the same form of relief based on the same grounds.

The Postal Service relies on *United States v. Austin Two Tracts*, 239 F. Supp. 2d 640, 644 (E.D. Tex. 2002) (holding that the court was without jurisdiction under the Quiet Title Act to reform an easement), and *Mafrige v. United States*,

893 F. Supp. 691, 700 (S.D. Tex. 1995), *aff'd mem.,* 189 F.3d 466 (5th Cir. 1999) (holding that court had no jurisdiction over a claim seeking reformation of deed based upon mutual mistake where the government had not consented to such a claim). Both of these cases are readily distinguishable, though in any event this court must follow Seventh Circuit precedent.

In *Austin Two Tracts,* the court concluded there was no jurisdiction because there was "no dispute between the parties as to what estate and land each one owns." *Austin Two Tracts,* 239 F. Supp. 2d at 641. Here, there is a dispute between Tanners Creek, Benhase, and the Postal Service over who owns the land.

In *Mafrige*, a grantor of real property to the government brought an action for reformation of deed. The grantor did not seek to reform the deed under the Quiet Title Act but instead sought reformation as a state law claim under the district court's supplemental jurisdiction. 893 F. Supp. at 699. In the case at hand, Tanners Creek does not argue that it seeks reformation as a state law claim, but rather contends that its claim for reformation of deed is cognizable under the Quiet Title Act, distinguishing this case from *Mafrige*.

It is nevertheless appropriate to look to state law to evaluate the merits of the cross-claim. See *United States v. Larosa*, 765 F.2d at 696 n.1 (noting that the district court correctly referred to Indiana law in resolving suit brought by the government seeking to reform a deed that had conveyed property to the

-10-

government, "since, in most circumstances, property ownership is not governed by a general federal law, but rather by the property law of the state in which the property is located"), citing *Oregon ex. rel. State Land Bd. v. Corvallis Sand & Gravel Co.*, 429 U.S. 363, 378-79 (1977). Therefore, Tanners Creek's claim would depend on whether Tanners Creek "claimed a right, title, or interest in the property" under Indiana law. *Id.;* 28 U.S.C. § 2409a(d). Under Indiana law, Tanners Creek could have retained equitable title to the 0.18 acres that was allegedly mistakenly conveyed. As a result, Tanners Creek claims a "right, title, or interest" to the disputed 0.18 acres, and the Quiet Title Act serves as a waiver of sovereign immunity, giving this court jurisdiction to hear the cross-claim.

In fact, the law in Indiana is clear "that where a party has through a mistake conveyed away land, he must have the deed corrected before he is entitled to have his title quieted as to the land so mistakenly conveyed, or before he can recover the same. If he is not entitled to have his deed reformed, he is not entitled to have his title quieted." *Bragdon v. Bruce*, 92 N.E.2d 646, 646 (Ind. App. 1950); *Brier v. Rosebrock*, 131 N.E. 243, 245 (Ind. App. 1921).

To the extent the Postal Service is arguing that the Quiet Title Act does not apply to the cross-claim because Tanners Creek has conveyed to Benhase any interest it had in the disputed property, the court notes that the Seventh Circuit has, at the request of the United States, read the Quiet Title Act broadly to apply to claims that put the ownership of land in dispute even if the adverse party does

not actually claim ownership of the property. *Shawnee Trail Conservancy v. United States Dep't of Agriculture*, 222 F.3d 383, 386-88 (7th Cir. 2000). In this case, Tanners Creek's cross-claim puts the ownership of the property directly in dispute. (It is of course already in dispute based on Benhase's original complaint.) The court may act to resolve that dispute pursuant to the Quiet Title Act.

*Conclusion*

For the foregoing reasons, Counts Two, Three, and Four of Tanners Creek's cross-claims against the Postal Service are hereby dismissed with prejudice for failure to state a claim upon which relief can be granted. The Postal Service's motion to dismiss Count One of Tanners Creek's cross-claims is denied.

So ordered.

Date: January 2, 2008

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Steven C. Coffaro
KEATING MUETHING & KLEKAMP
scoffaro@kmklaw.com

Michael Alan Galasso
ROBBINS, KELLY, PATTERSON & TUCKER
mgalasso@rkpt.com

Joseph W. Gelwicks
RENDIGS FRY KIELY & DENNIS LLP

-13-

jgelwicks@rendigs.com

Felix J. Gora
RENDIGS FRY KIELY & DENNIS LLP
fgora@rendigs.com

James M. Kelly
ROBBINS, KELLY, PATTERSON & TUCKER
7 West Seventh Street
Suite 1400
Cincinnati, OH 45202-2417

Karen L. Mastruserio
GRIFFIN FLETCHER & HERNDON LLP
kmastruserio@gfh-law.com

William C. Moyer
LORCH & NAVILLE, LLC
wmoyer@lorchnaville.com

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov